## STOUT and Others *v.* MORGAN.

*A.*, as administrator of *B.*, filed his account for a final settlement, which contained an item, on the credit side, of an account of one *C.* paid, &c. The item was supported by the account, verified by the oath of *C.*, and his receipt to the administrator on the back thereof. The heirs of *B.* objected to this item, and, having appeared, they and the administrator, by agreement, submitted the validity of the credit to the Court. One of the heirs having, as the record stated, "released his interest," was offered as a witness and excluded. The trial was had under the R. S. 1843.

*Held*, that the burden of proof was on the heirs.

*Held*, also, that the release, even had it been of the interest of the witness as to the item in question, would not have rendered him competent.

Where the record states that a witness released his interest, but does not state to whom, or how far it extended, and the Court below has held it insufficient, it will be so regarded in the Supreme Court.

If the party on whom lies the burden of the issue offers no evidence, the adverse party is entitled to a judgment.

Even though the admission of evidence was erroneous, yet if the judgment is right notwithstanding, it will not be reversed.

APPEAL from the *Marion* Court of Common Pleas.

STUART, J.—*Morgan*, as administrator of *James Stout*, deceased, filed his account for final settlement, &c. Among the items was the account of *C. Moore* for 28 dollars, verified by the claimant, in accordance with the statute. R. S. 1843, p. 524. The administrator had paid it and taken *Moore's* receipt on the back; and thus it was filed as a voucher. To this account of *Moore's* alone, *Stout's* heirs

VOL. VI.—24

objected. The heirs and *Morgan* appeared, and, by agreement, the issue joined was submitted to the Court, and judgment was rendered in favor of the administrator, allowing the claim as correct. *Stout's* heirs appeal.

In this Court only two errors are assigned. The one is the admission of *Moore's* evidence; the other the rejection of *Stout's*.

Perhaps the first thing to be settled is, on whom lies the burden of the issue submitted to the Court? Very clearly upon the heirs of *Stout*. It was for them to show that *Moore's* claim was improperly or fraudulently allowed and paid by *Morgan*. Having shown by the voucher of *Moore* that he had acted in conformity to the statute, (R. S. 1843, p. 524, s. 206,) the presumption arises that the administrator had done his duty, until the contrary is shown.

Now as to the errors; and, first, as to the rejection of the evidence. *Edward Stout* "released his interest," and was offered as a witness by the other heirs. But the Court, on objection being made, decided that the witness was not competent; correctly, too, we think. For even if he did release as to that claim, he was yet clearly interested as a distributee of the estate; or if there were lands, and the personalty were insufficient, the debts must be paid out of such realty. He was, therefore, interested in defeating this claim. And as the record does not disclose what sort of release it was, to whom made, or how far it extended, and the Court has decided it insufficient, we are bound to presume in favor of the action of the Court.

Further, the record does not purport to contain all the evidence. And as the burden of the issue was on the heirs, and they do not appear to have offered any evidence, *Morgan* was entitled to a judgment on the record as it is here presented, independent of *Moore's* evidence. So that it is not necessary to examine as to the interest of *Moore*. For if the admission of his evidence was erroneous, yet the judgment being right independent of it, would not be reversed. We think the judgment of the Common Pleas should be sustained.

*Per Curiam.*—The judgment is affirmed with costs.

*N. B. Taylor* and *J. Coburn*, for the appellants.

*L. Barbour* and *A. G. Porter*, for the appellee.